Filed 12/18/15  P. v. Bahena CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>CRISTIAN ZARAGOZA BAHENA,<br><br>       Defendant and Appellant. | A145157<br><br>(Sonoma County<br>Super. Ct. No. SCR-653968) |

Defendant Cristian Zaragoza Bahena pled guilty and now appeals from the judgment entered after his guilty plea.  Defendant's counsel has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues for review.  Defendant has also been informed of his right to file supplemental briefing, and he has not done so.  After our independent review of the record, we find no errors or other issues requiring further briefing, and we affirm.

BACKGROUND

A consolidated nine-count information was filed on November 4, 2014, charging defendant with three sets of offenses that allegedly took place on three separate dates in 2013 and 2014, as well as multiple gang enhancements (§ 186.22, subd. (b)(1)(A)), and multiple enhancements for felonies committed while on-bail.

On January 29, 2015, defendant changed his plea pursuant to a plea agreement with the district attorney's office.  He pled guilty to count 1, which charged that on July

1

26, 2014, he committed the felony of carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1)); count 9, which charged that on November 20, 2013, he committed the felony of unlawful possession of a firearm (to wit, a Glock pistol) (§ 29820, subd. (b)), and count 5, which charged that on June 8, 2014, he committed the misdemeanor of unlawfully possessing a dirk or dagger (§ 21310).  He also admitted one gang enhancement (§ 186.22, subd. (b)(1)(A)) and one on-bail enhancement (§ 12022.1).  Defendant entered into the plea agreement with the understanding that he faced a maximum state prison sentence of seven years and eight months, with the possibility that the court might grant probation.

Defendant and his counsel signed a written Advisement of Rights, Waiver and Plea Form for Felonies, filed January 29, 2015.[1]  The trial court accepted the change of plea after finding that defendant had voluntarily and intelligently waived his constitutional rights; that his plea and admissions were freely, voluntarily, knowingly and intelligently made; that he understood the nature of the charges and consequences of the pleas and admissions; and that there was a factual basis for the plea.  Defense counsel stipulated that the preliminary hearing transcripts provided the factual basis for the guilty pleas.  As part of the plea agreement, defendant also resolved two unrelated misdemeanor cases.

Defendant was sentenced on March 17, 2015.  At the sentencing hearing, defendant asked that the court suspend imposition of sentence and place him on probation with "gang terms and strict supervision."  The prosecution sought the maximum allowable state prison term under the plea agreement.

After listening to the arguments of counsel and considering the probation officer's report, the trial court gave a lengthy statement of reasons for denying probation and sentencing defendant to state prison.  The trial court imposed an aggregate state prison sentence of six years, calculated as follows.  For count 1, the low term of 16 months for

---

[1] The change of plea form indicates defendant would be pleading "no contest," but on the record he actually pled guilty.  This is reflected in the reporter's transcript and the minutes.

carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1)), plus the low term of two years for the gang enhancement (§ 186.22, subd. (b)(1)(A)) for a total of three years, four months on this count. For count 9, one third of the middle term of eight months for unlawful possession of a firearm (§ 29820, subd. (b)), and two years for the on-bail enhancement (§ 12022.1). The court stated that the sentence for count 9 was imposed as a consecutive sentence to count 1 because it was a different crime committed on a different day. Defendant was ordered to register as a gang offender (§ 186.30). The court imposed fines, fees and assessments, and suspended imposition of a $5,400 parole revocation restitution fine (§ 1202.44).

At the time of sentencing, the trial judge did not award presentence custody credit and conduct credits. Appointed appellate counsel sent a letter to the court seeking correction of this oversight and asking for an amended abstract of judgment. On October 1, 2015, the trial court granted the request, and the amended abstract of judgment reflects that defendant was awarded 301 actual days of custody credit and 300 days of conduct credit.

Defendant filed a notice of appeal challenging his sentence and the validity of the plea. He requested a certificate of probable cause, stating simply "Bahena believes that he was not properly advised regarding the consequences of his plea." The trial court denied the request for a certificate of probable cause.

## REVIEW

We have reviewed the entire record as required by *People v. Wende*, *supra*, 25 Cal.3d 436.

Defendant was at all times represented by competent counsel who ably protected his interests.

Defendant was advised of, understood, and waived his rights under *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. The court ascertained that defendant understood the rights he was waiving and the consequences of his plea.

The sentence imposed was lawful, and the court stated its reasons for imposing the sentence. (Cal. Rules of Court, rule 4.420.)

3

The fines, fees and assessments appear to have been authorized by statute.

We have reviewed the credits calculations and discern no issues on which we require further briefing.

## DISPOSITION

We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436.  The judgment is affirmed.


_____
Miller, J.


We concur:


_____
Kline, P.J.


_____
Richman, J.

4